**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MELINDA ROGERS,

    Plaintiff,

v.                                    Case No. 07-CV-12614-DT

EVANS SOLUTIONS, INC.,

    Defendant.
                                             /

## ORDER OF DISMISSAL

On June 19, 2007, Plaintiff Melinda Rogers initiated the above-captioned matter in this court. In her *pro se* Complaint, Plaintiff asserts a claim of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against her employer Evans Solutions, Inc. ("ESI"). Plaintiff alleges that the discriminatory acts occurred from January 2003 to August 2005. (Compl. at 1.) She filed charges with the Equal Employment Opportunity Commission in January 2006 and received her right to sue letter on August 3, 2006.

On March 17, 2008, the court ordered Plaintiff Melinda Rogers to show cause by March 26, 2008 why the court should not dismiss her claim of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The court raised two important issues: (1) the timeliness of the claim under 42 U.S.C. § 2000e-5(f)(1) and (2) the failure of the vague complaint to communicate the basis for her discrimination claims or otherwise demonstrate that she is entitled to relief, as is required under Federal Rule of Civil Procedure 8. (3/17/08 Order at 1-2).

Plaintiff timely responded, providing further details of her claim which minimally satisfy Rule 8. The court must nonetheless dismiss this action because she has failed to satisfactorily respond to the court's concerns regarding the timeliness of her action.

After receiving her August 3, 2006 right to sue letter, Plaintiff was required to file suit within ninety days. 42 U.S.C. § 2000e-5(f)(1). Because it is not jurisdictional, this requirement, similar to a statute of limitations, is subject to waiver, estoppel and equitable tolling. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003); *Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Plaintiff's initial complaint was filed on October 26, 2006, and dismissed on November 30, 2006. Even if the court were to toll the time limitation during the pendency of her first case, she still did not meet the requirements of 42 U.S.C. § 2000e-5(f)(1). Plaintiff did not initiate her second action until June 19, 2007, almost seven months after her first case was dismissed.

Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Rucker v. Potter,* 215 F. App'x 406, 407-08 (6th Cir. 2007) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989)). The Sixth Circuit has identified five factors to consider when determining the whether to equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant and (5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In response to the court's order to show cause, Plaintiff wholly fails to provide any basis to equitably toll the requisite limitations period. Instead, she rather obliquely complains about her lack of attorney assistance

and asks the court to "[p]lease allow [her] this one error, not really due to my own fault." (Pl.'s 3/25/08 Resp. at "Additional Page.") While the court recognizes Plaintiff's *pro se* status, "[e]ven uncounseled litigants must act within the time provided by statutes and rules." *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) (quoting *Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995)). Because Plaintiff has failed to identify, or even hint at, an adequate factual basis for equitable tolling,

IT IS ORDERED the Plaintiff's complaint [Dkt. # 1] is DISMISSED

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522